Frank Traylor, M.D. Executive Director Colorado Department of Health 4210 East 11th Avenue Denver, Colorado 80220
Dear Dr. Traylor:
This opinion is in response to letters received on September 3, 1980 and August 29, 1980 from yourself and Donald Davids, respectively, in which you both inquired about fees charged by the Health Statistics and Vital Records Division as they apply to state agencies.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
a. Whether pursuant to C.R.S. 1973, 25-2-117, which specifies when a fee should be charged for certified copies of vital statistics records, fees could be charged to another state agency for any search of files and records when no certified copy is made?
 My conclusion is "no." It is my opinion that other state agencies should not be charged for any time which is spent making a search of the files and records.
b. Whether pursuant to C.R.S. 1973, 25-2-117, as described above, a "county" comes within the definition of "state agency" in determining whether counties must pay a fee for certified copies from the Health Statistics and Vital Records Division?
 My conclusion is "yes." It is my opinion that a county, in performing functions delegated to it by a state agency, does come under the meaning of a "state agency" when applying the Vital Statistics Act.
ANALYSIS
1. The provisions of the Vital Statistics Act, as reenacted in 1967, and specifically, C.R.S. 1973, 25-2-117, provide for the exemption of state agencies from the mandatory two dollar fee to be paid to the division for the making and certification of each record in question. That provision of the act states:
 Certified copies furnished — fee. Vital statistics records shall be treated as confidential, but the department of health shall, upon request, furnish to any applicant having a direct and tangible interest in a vital statistics record a certified copy of any record registered under the provisions of this article. For the making and certification of such certified copy, there shall be paid by the applicant a fee of two dollars, but no fee shall be paid for a certified copy given to another state agency. Any copy of the record of a birth or death, when properly certified by the department of health to be a true copy thereof, shall be prima facie evidence in all courts and places of the facts therein stated. For any search of the files and records when no certified copy is made, there shall be paid by the applicant a fee of two dollars for each hour or fractional hour of time of search. The department of health shall keep a correct account of all fees received by it under the provisions of this section and turn the same over to the state treasurer to be credited to the general fund.
(Emphasis added.)
Clearly, the intent of the legislature is that state agencies should not have to pay the mandatory two dollar fee for certified copies from the Vital Statistics Division. The reasoning behind the exemption for state agencies is that the funds collected for this service are credited to the general fund; collecting from state agencies would have the ultimate effect of taking funds from the general fund and putting them back into the same, which is clearly an administrative burden which this section was intended to alleviate. Applying this same rationale to other services provided by Vital Statistics Division, that is, to search the files when no certified copy is made would yield the same result, which is a shifting of the general fund monies. Since administrative burden is to be avoided, state agencies are not to be charged for search of the files when no copy is made.
2. Secondly, you have asked whether "counties" are "state agencies" for the purposes of this statute.
According to C.R.S. 1973, 25-2-117, state agencies are exempt from the payment of fees for services rendered by the Division of Vital Statistics. As political subdivisions of the state, "counties" are included within the statutory definition of "state agencies," where those counties are performing acts delegated to them by the state agencies for which they require the services of the Division of Vital Statistics. In those cases the counties exist as an arm of the state carrying out state functions without specific inherent sovereign authority of their own. This status of a political subdivision is consistent with the definition of "agency" which is contained in the Administrative Procedures Act, C.R.S. 1973, 24-4-102, which provides in pertinent part:
 (3) "Agency" means any board, bureau, commission, department, institution, division, section, or officer of the state. . . .
The statutory provision quoted above provides authority for counties to be considered as state agencies for the purposes of this statute where the counties are carrying out duties specifically delegated to them by state agencies. Specifically, the issue has arisen with the Division of Vital Statistics in the case of county social services departments carrying out functions in the areas of child welfare services, adoption and relinquishment of parental rights, and adult protective services. Delegation to the county departments of state responsibilities in these areas is specifically authorized by statute (C.R.S. 1973,26-1-111(2)(f), 26-1-118(1) and (5), 26-5-102, 26-3-102(3) and such delegation has been supplemented by regulations adopted by the State Board of Social Services (e.g.,12 C.C.R. 2509-3: A-7212, A-7216.3 and .4, A-7217.3 and .4, A-7220, A-7221).
County departments have traditionally been viewed as agencies of the state. More recently, however, there have been statutory changes and case interpretations which would allow the state and the county departments to stand as independent entities, particularly in the area of litigating issues against the state where the interests of the state and counties have diverged. However, in this case, where it appears that the functions which require the services of the Division of Vital Statistics are those delegated specifically to the counties by the state there would be no justification for considering the counties as separate from the state agency such that they would have to pay the fees for services from the Division of Vital Statistics.
SUMMARY
To briefly summarize my opinion, the Vital Statistic Act, specifically, C.R.S. 1973, 25-2-117, provides for the exemption of state agencies to pay a mandatory fee when a search is made of the files when no certified copy is made. Counties which request the services of the Division of Vital Statistics while carrying out duties delegated to them by state agencies, are within the meaning of the statute.
Very truly yours,
 J.D. MacFARLANE Attorney General
cc: Donald J. Davids Health Statistics and Vital Records Division
VITAL STATISTICS COUNTIES STATE AGENCIES
C.R.S. 1973, 25-2-117
HEALTH, DEPT. OF Records Statistics SOCIAL SERVICES, DEPT. OF
C.R.S. 1973, 25-2-117 exempts state agencies from paying fee for search made of vital statistics files when no certified copy is produced. Counties which request services of Division of Vital Statistics while carrying out duties delegated to them by state agencies are "state agencies" within the meaning of C.R.S. 1973,25-2-117.